UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | |
|---|---|
| LEONARD L. CLARK, ) | |
| ) | |
| Petitioner, ) | Civil Action No. 6:18-cv-144-GFVT |
| ) | |
| v. ) | |
| ) | **MEMORANDUM OPINION** |
| J. RAY ORMOND, Warden, ) | **&** |
| USP – McCreary, ) | **ORDER** |
| ) | |
| Respondent. ) | |

\*\*\* \*\*\* \*\*\* \*\*\*

Leonard L. Clark is an inmate at the United States Penitentiary – Hazleton in Bruceton Mills, West Virginia. At the time Clark filed the present action, he was incarcerated at the United States Penitentiary – McCreary in Pine Knot, Kentucky. [*See* R. 7.] Proceeding without a lawyer, Clark filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 in this Court. [R. 1.] For the reasons set forth below, Clark's petition must be denied.

In 2004, Clark pleaded guilty to one count of conspiracy to possess with intent to distribute greater than fifty grams of a cocaine base and three counts of distribution of a cocaine base, in violation of 21 U.S.C. §§ 846 and 841(a)(1). *See United States v. Leonard Clark*, 1:03-cr-621, (N.D. Ill. 2005). The trial court sentenced Clark to a thirty year term of imprisonment. [R. 327, therein, at 2.] Clark subsequently filed a direct appeal, but the Seventh Circuit Court of Appeals affirmed the district court's judgment. *See United States v. Clark*, 191 F. App'x 491 (7th Cir. 2006). Clark also unsuccessfully sought relief—numerous times—under 28 U.S.C. § 2255 and Federal Rule of Civil Procedure 60(b). *See Clark v. United States*, No. 08-1528 (7th Cir. 2008); No. 08-2546 (7th Cir. July 10, 2008); No. 12-2268 (7th Cir. May 31, 2012); No. 12-

3600 (7th Cir. March 11, 2013). Clark has now filed a § 2241 petition in this Court. [R. 1.] Pursuant to 28 U.S.C. § 2243, the petition is subject to preliminary screening by the Court.

In his petition, Clark argues, among other things, that (1) the sentencing judge failed to properly consider his request for a downward departure based on his chronic medical condition [*see id.* at 2-4]; and (2) the sentencing judge improperly treated the United States Sentencing Guidelines as reasonable. [*See id.* at 4-5.] These are challenges to the legality of Clark's conviction and sentence, which may not be litigated by way of a 28 U.S.C. § 2241 petition.

While a federal prisoner may challenge the legality of his convictions and sentence in a § 2255 motion, he generally may not do so in a § 2241 petition. *See United States v. Peterman*, 249 F.3d 458, 461 (6th Cir. 2001). A § 2241 petition is typically only a vehicle for challenges to actions taken by prison officials that affect the manner in which the prisoner's sentence is being carried out, such as computing sentence credits or determining parole eligibility. *See Terrell v. United States*, 564 F.3d 442, 447 (6th Cir. 2009). Because Clark's petition challenges the underlying sentence he actually received, not the manner in which his sentence is being executed, the petition should be dismissed.

To be sure, limited exceptions exist under which a federal prisoner may challenge the validity of a conviction or sentence in a § 2241 proceeding, but Clark's filing does not satisfy any of these exceptions. The Sixth Circuit Court of Appeals has explained that a prisoner can only challenge the validity of his sentence by way of § 2241 if he can demonstrate that an intervening change in statutory law establishes his actual innocence, *see Wooten v. Cauley*, 677 F.3d 303, 307-08 (6th Cir. 2012), or that his sentence was improperly enhanced, *see Hill v. Masters*, 836 F.3d 591, 599-600 (6th Cir. 2016). Clark has not demonstrated that either of those circumstances exist in his case. Instead, Clark has attempted to litigate arguments that he either

already made or needed to make on direct appeal in his Northern District of Illinois case or in his § 2255 motion.

Therefore, the Court hereby **ORDERS** as follows:

1. Clark's petition for a writ of habeas corpus brought pursuant to 28 U.S.C. § 2241 [**R. 1**] is **DENIED**;

2. This action is **DISMISSED** and **STRICKEN** from the Court's active docket; and

3. Judgment shall be entered contemporaneously herewith.

This the 31st day of July, 2018.

Gregory F. Van Tatenhove
United States District Judge